IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

KATINA SNAPP                                                                                     PLAINTIFF

VERSUS                                                                                  NO.: 1:05CV77-M-D

RUAN TRANSPORT CORPORATION
and GLENN PENNINGTON                                                                           DEFENDANTS

# ORDER

Plaintiff has filed a motion seeking for this court to reconsider its prior order dismissing her sexual harassment claims against Ruan. In so arguing, plaintiff argues that, in light of the fact that Pennington was her supervisor, she is not subject to the fifth element of the Fifth Circuit's pre-*Faragher-Ellerth* five-part test in sexual harassment cases. Specifically, plaintiff cites the Fifth Circuit's decision in *Celestine v. Petroleos de Venezuella SA.* for the proposition that.

> However, this well-established five-part test has recently undergone a revision, with the Supreme Court ruling that in Title VII harassment cases, where the harassment is allegedly committed by a supervisor with immediate (or successively higher) authority over the harassment victim, the plaintiff employee needs to satisfy only the first four of the elements listed above. *Faragher v. City of Boca Raton*, 524 U.S. 775, 807, 118 S.Ct. 2275, 2292-93, 141 L.Ed.2d 662 (1998). Once the plaintiff makes the four-part showing that they have been harassed by a supervisor, the "employer is subject to vicarious liability to a victimized employee" for the supervisor's conduct.

*Celestine v. Petroleos de Venezuella SA*. 266 F.3d 343, 354 (5th Cir. 2001).

While plaintiff cites the aforementioned helpful language in *Celestine,* she omits the footnote attached thereto, in which the Fifth Circuit qualified the aforementioned observation with the statement that "(a)n affirmative defense is available to employers in certain circumstances under *Faragher*, provided that the supervisor's harassment did not culminate with any 'tangible employment action' against the employee." *Celestine*, 266 F.3d at 354. The Fifth Circuit has thus

clearly recognized that employers are entitled to the *Faragher-Ellerth* affirmative defense even in cases involving harassment by a supervisor, so long as no "tangible employment action" has occurred. Indeed, no other conclusion could reasonably be made in light of *Faragher-Ellerth*. The court remains of the view that plaintiff suffered no "tangible employment action" in connection with her alleged sexual harassment by any Ruan employee,[1] and it is thus apparent that this court properly considered this case of alleged harassment by a supervisor within the context of the *Faragher-Ellerth* affirmative defense.

Plaintiff next argues that this court failed to consider the sexual harassment which she claims to have suffered *after* Pennington was fired ("post-Pennington allegations"). This court did not expressly analyze plaintiff's post-Pennington allegations of sexual harassment because the court is of the view that the record evidence supports a conclusion that the mistreatment which plaintiff claims to have suffered following Pennington's termination was arguably due to retaliation, but not due to sexual harassment. As this court noted in its prior order, Ruan driver Bruce Hamner testified that:

> Q. After Glenn Pennington was fired, isn't it true that a lot of people at Ruan and Ceco there blamed Katina for getting Glenn fired?
> A. Yes, sir.
> Q. And to your knowledge, why did they think it was her fault?
> A. I don't know.
> Q. Did you observe people being mean to her or saying things to her?
> A. Well, it wasn't the best environment to work in, what little - - when I was in there.
> Q. Because of what reason?
> A. Well, it just was a lot of animosity there.
> Q. And animosity - -

---

[1]In arguing to the contrary, plaintiff maintains that the actions taken by Herrick in demoting her constituted a "tangible employment action." However, as discussed *infra*, the court concludes that the record evidence does not support a conclusion that this action was taken as part of alleged sexual harassment of plaintiff by Herrick.

> A. Toward her.
> Q. Animosity was towards her - -
> A. Right.
> . . .
> Q. And do you know of any other reason why there was animosity towards her other than getting Glenn fired?
> A. No, not that I know of.
> Q. Did you notice any animosity towards her before getting Glen fired?
> A. No, sir.

In the court's view, this testimony, as well as other record evidence before the court, clearly supports a conclusion that any acts of harassment occurring after Pennington's termination are properly analyzed in connection with plaintiff's retaliation, rather than sexual harassment, claims.

To state the obvious, plaintiff was a woman both before and after reporting Pennington's harassment, but the evidence before the court clearly indicates that she only received harassment from co-workers and alleged adverse employment actions at the hands of her manager Herrick *after* reporting Pennington's harassment. The direct and circumstantial evidence thus clearly supports a conclusion that this harassment is properly considered in the context of plaintiff's retaliation claims. The complaint of sexual harassment made by plaintiff related to actions taken by Pennington, and it is difficult to imagine how an employer could have taken more forceful action than Ruan did in immediately terminating his employment. The court has previously denied Ruan's motion for summary judgment as to plaintiff's retaliations claims, and, accepting plaintiff's allegations as true, the court by no means excuses Ruan's post-Pennington conduct in this case. However, the record evidence simply does not support a conclusion that this conduct constituted sexual harassment under a hostile work environment theory.

It is further clear that this court properly relied upon *Harper v. City of Jackson Municipal School Dist.*, 149 Fed. Appx. 295, 301 (5th Cir. 2005), given that *Harper*, like the instant case,

3

involved alleged harassment of a very serious nature by a supervisor, in that case the harassment of a school teacher by a principal. The court remains of the view that *Harper* is directly on point, and plaintiff has been unable to offer any Fifth Circuit authority which might support a conclusion that a plaintiff's subjective fear of retaliation might render her failure to report sexual harassment "reasonable." Indeed, *Harper* clearly indicates that the opposite is the case. Plaintiff argues that she had an "objective" fear for her life, but, even assuming that "objective fear" exists, the court does not agree that this case can be distinguished from *Harper*. Plaintiff never testified that Pennington threatened to do physical harm to her if she reported his harassment, and she testified that her fear of retaliation resulted from behavior on the part of Pennington which, while clearly improper and disturbing, was very similar to that in *Harper*. The court therefore remains of the view that it properly dismissed plaintiff's Title VII sexual harassment claims against Ruan, and the motion to reconsider will therefore be denied.

The court also has before it Ruan's motion to sever and/or for separate trials. Ruan argues that, in light of the court's dismissal of the sexual harassment claims against it, the court should order separate trials as to plaintiff's claims against Pennington and Ruan. Ruan argues that it will be prejudiced if the trials are held together, but the court concludes that the jury can best understand the events of this case if the entire facts of this case are heard by the same trier of fact. Indeed, it seems likely that plaintiff would suffer considerable prejudice if the court were to order separate trials, given that there is substantial evidence that Ruan employees felt anger towards plaintiff for having reported Pennington's harassment in this case. That being the case, if separate trials were to be held in this case, the jury in the retaliation trial against Ruan might well infer that plaintiff's co-worker's hostility towards her was justified and that plaintiff had made exaggerated and/or false claims

4

against Pennington. The court does recognize the potential for Ruan to be prejudiced by the evidence against Pennington, and the court accordingly will instruct the jury in no uncertain terms that Ruan is not to be held liable for Pennington's sexual harassment in this case. The court does not deem separate trials to be necessary, however, and Ruan's motion to sever will accordingly be denied.

It is therefore ordered that plaintiff's motion to reconsider [110-1] is denied, and defendant's motion to sever and/or for separate trials [106-1] is denied.

SO ORDERED this the 1st day of September, 2006.

                                     **/s/ Michael P. Mills**
                                     **UNITED STATES DISTRICT JUDGE**